IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT BENNETT,

      Petitioner,                      No. CIV S-09-1992 EFB P

    vs.

MATHEW CATES, Warden,

      Respondent.                 <u>ORDER</u>

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. This case is before the undersigned pursuant to petitioner's consent. *See* 28 U.S.C. § 636; *see also* E.D. Cal. Local Rules, Appx. A, at (k)(4).

      Petitioner seeks leave to proceed *in forma pauperis*. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

      Currently pending before the court is petitioner's application for a writ of habeas corpus. For the reasons explained below, the court finds that it must be dismissed without leave to amend. *See* Rule 4, Rules Governing § 2254 Proceedings.

      A district court must entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A judge

1

1  entertaining a habeas petition "shall forthwith award the writ or issue an order directing the
2  respondent to show cause why the writ should not be granted, unless it appears from the
3  application that the
4  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  The petition must be
5  dismissed if on initial review the court finds that "it plainly appears from the petition and any
6  attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules
7  Governing § 2254 Proceedings.  An application for federal habeas relief must specify all grounds
8  for relief, state facts supporting each ground and state the relief requested.  Rule 2, Rules
9  Governing § 2254 Cases.  This court must liberally construe the allegations of a prisoner
10 proceeding without counsel.  *See Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006).

11      In this case, it is plain from the petition that petitioner is not entitled to a writ of habeas
12 corpus.  Petitioner challenges the imposition of a $150.00 filing fee in connection with a civil
13 rights case he filed in this court in 2003, Case No. 2:03-cv-01624-FCD-KJM.  According to
14 petitioner, it was unlawful for the court to require him to pay the fee, because he is indigent.
15 Even if petitioner were successful in his challenge to the court's fee order (an unlikely event, as
16 28 U.S.C. § 1915(b) clearly requires that prisoners, even those proceeding *in forma pauperis*,
17 pay the full filing fee), such a result would not shorten his sentence.  Accordingly, this court
18 lacks habeas jurisdiction over the challenge.  *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir.
19 2003) ("[H]abeas jurisdiction is absent . . . where a successful challenge to a prison condition
20 will not necessarily shorten the prisoner's sentence.").  As it is clear that petitioner cannot allege
21 that the imposition of the filing fee affects the duration of his imprisonment, the petition will be
22 dismissed without leave to amend.  *See Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000)
23 (stating that an indigent prisoner proceeding without counsel must be given leave to file
24 amended complaint unless the court can rule out any possibility that the plaintiff could state a
25 claim).  This order is without prejudice to petitioner filing a new civil rights action challenging
26 the fee order (however, the court advises the filing of any action will result in the imposition of a

1  $350.00 filing fee pursuant to 28 U.S.C. §§ 1914 and 1915) or appropriate motion in Case No.
2  2:03-cv-01624-FCD-KJM.
3      Accordingly, it is ORDERED that the petition is dismissed without leave to amend, and
4  the Clerk is directed to close the case.
5  Dated: July 20, 2010.

                                                         _____
                                                         EDMUND F. BRENNAN
                                                         UNITED STATES MAGISTRATE JUDGE